IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

Beckley Division

AMANDA HAYHURST,
DONNETTA HUFFMAN,
and All Others Similarly
Situated,                                               PLAINTIFFS

v.                                            CIVIL ACTION NO. 5:19-cv-00590

LABORATORY CORPORATION
OF AMERICA HOLDINGS, d/b/a LabCorp,

                                                        DEFENDANT

## COMPLAINT

COME NOW Donetta Huffman and Amanda Hayhurst ("Plaintiffs"), on

behalf of themselves and all others similarly situated, and file this Complaint against

Defendant Laboratory Corporation of America Holdings, d/b/a LabCorp

("LabCorp" or "Defendant"), stating the following in support:

## PARTIES

1.      Plaintiffs are individuals who reside in West Virginia.

2.      Defendant LabCorp is a Delaware corporation with its principal place

of business in Burlington, North Carolina.

## JURISDICTION & VENUE

3.      The Court has subject matter jurisdiction under the Class Action

Fairness Act, 28 U.S.C. § 1332(d) because this is a class action involving more than

100 class members, the amount in controversy exceeds $5 million exclusive of interest and costs, and many members of the class are citizens of states different from Defendant.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant regularly transacts business in this district. Further, venue is proper under 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this district. Plaintiffs and the class members provided Defendant with their sensitive and personal information in West Virginia and that sensitive and personal information was used by Defendant to attempt to collect alleged medical bills inside the State of West Virginia.

## FACTUAL ALLEGATIONS

5.     Plaintiffs reallege and incorporate herein all the allegations contained in the previous paragraphs.

6.     Plaintiffs were patients of Defendant LabCorp when Defendant collected and received Plaintiffs' sensitive and personal information.

7.     When certain LabCorp customers do not pay their invoices within the requested time period, LabCorp will reach out to a collection agency.

8.      Upon information and belief, LabCorp would provide this collection agency with LabCorp customers' sensitive and personal information, which the agency subsequently housed in its own system, in order to facilitate collections.

9.      On or about July 25, 2019, Plaintiffs were notified by Defendant LabCorp that their personal information, including their names, dates of birth, health insurance information, telephone number(s), and referring physicians, had been compromised by an unauthorized user from August 1, 2018, through March 30, 2019.

10.     The notice dated July 20, 2019, further informed Plaintiffs that LabCorp was made aware that their data was compromised as early as May 14, 2019, more than two months prior to the date of the notice.

11.     The notice further claimed that the information was accessed through a third-party debt collector, Retrieval-Masters, whom Defendant retained to collect certain outstanding balances on its behalf.

12.     At all times relevant, Defendant maintained control over its debt collector and the debt collector acted as Defendant LabCorp's agent.

13.     The medical records and information accessed by the unauthorized user is considered protected health information, personal to Plaintiffs.  Such records and information were entrusted to Defendant and were accessed and/or made accessible to unauthorized and/or unwanted third parties.

14.     Defendant has a duty to ensure the confidentiality, integrity, and availability of all protected health information it creates, receives, maintains, or transmits.

15.     Defendant has a duty to identify and protect against reasonably anticipated threats to the security or integrity of protected health information.

16.     Defendant has a duty to protect against reasonably anticipated impermissible uses or disclosures of protected health information.

17.     Defendant was required to implement policies and procedures for authorizing access to protected health information only when such access is appropriate based on the user's role.

18.     Defendant was required to train all workforce members regarding security policies and procedures, including appropriate sanctions for workforce members who violate its policies and procedures.

19.     Defendant also has a duty to ensure compliance by its workforce with implemented policies and procedures designed to safeguard and protect the confidentiality and integrity of protected health information.

20.     Defendant has a duty to conduct periodic assessments and monitoring of how effective its security policies and procedures are in preventing the unauthorized access and disclosure of protected health information.

21.    In the regular course of business, Defendant collected and maintained possession, custody, and control of Plaintiffs' protected personal and confidential information as evidenced by the confirmed unauthorized access by an unauthorized third party, including without limitation patient names, addresses, birthdates, telephone numbers, treating physicians, and dates of service.

22.    Plaintiffs provided Defendant with their personal and confidential information with the reasonable expectation and mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure.

23.    In its written services contract, Defendant LabCorp expressly promised Plaintiffs that Defendant would only disclose protected health and private information, including any information identifying the patient, when required to do so by law.  Defendant therefore impliedly promised that it would protect Plaintiffs' protected health information.  Defendant also impliedly promised to comply with all legal standards to make sure that Plaintiffs' protected health information was not improperly accessed or disclosed.

24.    Upon information and belief, the unauthorized third party gained access to social security numbers or payment information such as checking or credit card accounts.

25.     Defendant failed to implement policies and procedures for authorizing access to protected health information only when such access is appropriate based on the user's role, as evidenced by the confirmed unauthorized access by a third party.

26.     Defendant failed to train all workforce members regarding its security policies and procedures, as evidenced by the confirmed unauthorized access by a third party.

27.     Defendant failed to ensure compliance by its workforce with implemented policies and procedures designed to safeguard and protect the confidentiality and integrity of protected health information, as evidenced by the confirmed unauthorized access by a third party.

28.     Defendant failed to enforce its security policies and procedures with appropriate sanctions for workforce members who violated its policies and procedures, as evidenced by the confirmed unauthorized access by a third party.

29.     Defendant failed to perform its duty to conduct periodic assessments and monitoring of the effectiveness of its security policies and procedures in preventing the unauthorized access and disclosure of protected health information, as evidenced by the confirmed unauthorized access by a third party.

30.     Defendant stored Plaintiffs' protected personal information in an unprotected, unguarded, unsecured, and/or otherwise unreasonably protected

electronic and/or physical location, as evidenced by the confirmed unauthorized access by a third party.

31. The third party could not have gained unauthorized access to Plaintiffs' information but for Defendant's negligence.

32. Defendant LabCorp's failure to notify its patients of this data breach within a reasonable time caused Plaintiffs to remain ignorant of the breach. Plaintiffs therefore were unable to take appropriate action to protect themselves from identify theft and other harm resulting from the data breach.

33. Defendant's conduct was particularly negligent and egregious in light of the numerous recent data breaches in the healthcare industry, which breaches put Defendant on heightened notice of these significant risks and its attendant obligations.

## CLASS ACTION ALLEGATIONS

34. Pursuant to Federal Rule of Civil Procedure 23(b)(3), Plaintiffs bring this action on behalf of themselves and the following proposed Nationwide Class as well as a West Virginia Sub-Class defined as follows:

Nationwide Class: Customers of LabCorp in the United States whose personal information was compromised as a result of the unauthorized access of their private medical and/or collection records and information from August 1, 2018, through March 30, 2019.

West Virginia Sub-Class: Customers of LabCorp in West Virginia whose personal information was compromised as a result of the

unauthorized access of their private medical and/or collection records and information from August 1, 2018, through March 30, 2019.

35.     Excluded from the Classes are Defendant, any affiliate, parent, employee, or subsidiary of Defendant; any officer, director, or employee of Defendant; anyone employed by counsel for Plaintiffs in this action; and any Judge to whom this case is assigned, as well as his or her immediate family.

36.     This action has been brought and may be properly maintained as a class action under Federal Rule of Civil Procedure 23.

37.     Numerosity of the Class – Rule 23(a)(1).   Class members are so numerous that their individual joinder is impracticable.   The precise number of Class members and their addresses can be obtained from information and records in Defendant's possession and control.   Class members may be notified of the pendency of this action by mail or by published notice or other appropriate methods.

38.     Existence and Predominance of Common Questions of Law and Fact – Rule 23(a)(2).   Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. These common legal and factual questions, each of which may also be certified under Federal Rule of Civil Procedure 23, include the following:

   a.     Whether Defendant breached its fiduciary duties to Plaintiffs and the Class;

b.      Whether Defendant's data security systems prior to and during the data breach complied with applicable data security laws and regulations;

c.      Whether Defendant's data security systems prior to and during the data breach complied with industry standards;

d.      Whether Defendant invaded Plaintiffs' and the Class's privacy;

e.      Whether and what duties Defendant owed to Plaintiffs and the Class;

f.      Whether Defendant acted negligently with respect to Plaintiffs and the Class;

g.      Whether Plaintiffs and the other Class members are entitled to equitable relief, including declaratory relief, restitution, rescission, and a preliminary and/or a permanent injunction;

h.      Whether Plaintiffs and the other Class members are entitled to damages, including punitive damages, and/or other monetary relief; and

i.      Whether this case may be maintained as a class action under Federal Rule of Civil Procedure 23.

39.     Typicality – Rule 23(a)(3).  Plaintiffs' claims are typical of the claims of the Class because they were customers of Defendant, and their personal information was compromised in the August 2018 breach.  Moreover, Plaintiffs and

the Class sustained similar injuries as a result of Defendant's uniform conduct, and their legal claims all arise from the same policies and practices of Defendant.

40.     Adequacy of Representation – Rule 23(a)(4). Plaintiffs will fairly and adequately protect the interests of Class members.  Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs will prosecute this action vigorously.  Plaintiffs have no interests adverse or antagonistic to those of the Class.

41.     Superiority – Rule 23(b).  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members are small compared with the burden and expense that would be entailed by individual litigation of their claims against Defendant.  It would thus be virtually impossible for the Class members, on an individual basis, to obtain effective redress for the wrongs done them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding,

economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

42.     In the alternative, the Class may be certified under Rule 23(b)(1) and/or (b)(2) because:

a.     The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

b.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

c.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class members as a whole.

# COUNT I

## BREACH OF THE DUTY OF CONFIDENTIALITY
### (*INDIVIDUAL AND CLASS CLAIM*)

43.    Plaintiffs reallege and incorporate herein all the allegations contained in the previous paragraphs.  Plaintiffs assert this cause of action on behalf of the Class against Defendant.

44.    Defendant owed Plaintiffs a duty of confidentiality pursuant to its relationship with Plaintiffs as their health care provider.

45.    The minimum standard of care imposed on Defendant in maintaining the confidentiality of Plaintiffs' medical information is expressed in multiple statutes, regulations, and judicial decisions of the State of West Virginia.

46.    In addition, Defendant has numerous obligations under HIPAA, including but not limited to the following:

> a.   Under 45 C.F.R. § 164.306(a)(1), Defendant is obligated to protect and ensure the confidentiality and integrity of electronic protected health information (PHI) it created, received, maintained, and/or transmitted;
>
> b.   Under 45 C.F.R. § 164.312(a)(1), Defendant must implement technical policies and procedures for electronic systems that maintain electronic PHI to allow access only to those persons or software programs that have been granted access rights;
>
> c.   Under 45 C.F.R. § 164.308(a)(1)(i), Defendant must implement policies and procedures to prevent, detect, contain, and correct security violations;
>
> d.   Under 45 C.F.R. § 164.308(a)(1)(ii)(D), Defendant must implement procedures to review records of information system activity

regularly, such as audit logs, access reports, and security incident tracking reports;

e.  Under 45 C.F.R. § 164.306(a)(2), Defendant must protect against reasonably anticipated threats or hazards to the security or integrity of electronic PHI;

f.  Under 45 C.F.R. § 164.306(a)(3), Defendant must protect against reasonably anticipated uses or disclosures of electronic PHI that are not permitted under the privacy rules regarding individually identifiable health information;

g.  Under 45 C.F.R. § 164.306(a)(4), Defendant must ensure compliance with HIPAA security standard rules by its workforces; and

h.  Under 45 C.F.R. § 164.530(b), Defendant must train all members of its workforces effectively on the policies and procedures regarding PHI as necessary and appropriate for those workforces to carry out their functions and to maintain security of PHI.

47.  Defendant breached its duty to Plaintiffs through the unauthorized disclosure, breach, and/or publication of their personal and private information, and thus violated Plaintiffs' right to have their information kept confidential.

48.  As a direct and proximate result of Defendant's breach of the duty of confidentiality, Plaintiffs have suffered damages, some of which are more specifically articulated within this Complaint.

49.  Among other things, Plaintiffs and class members face substantial risk of out-of-pocket fraud losses such as loan fraud, financial fraud, medical fraud, tax return fraud, utility bill fraud, credit card fraud, government benefit fraud, and any number of identity fraud possibilities.

50.     Plaintiffs and class members may incur out-of-pocket costs for protective measures such as credit monitoring and report fees, and credit freeze fees.

51.     Plaintiffs and class members have spent and will continue to spend significant time monitoring their financial and medical accounts and identities for fraud and misuse. Plaintiffs and class members will need to continue to worry about these risks for years because of the potential lag time between the theft of the sensitive information and its use.

## COUNT II

### INVASION OF PRIVACY
### (*INDIVIDUAL AND CLASS CLAIM*)

52.     Plaintiffs reallege and incorporate herein all the allegations contained in the previous paragraphs.  Plaintiffs assert this cause of action on behalf of the Class against Defendant.

53.     At all times relevant herein, Defendant was obligated to protect Plaintiffs' protected personal and private information from unauthorized disclosure and access.

54.     Defendant knew or should have known that Plaintiffs' personal and health information is afforded the utmost privacy and protection.

55.     Plaintiffs reasonably expected Defendant to honor its obligation and not disclose their medical and other protected personal information.

56.     Plaintiffs had a legitimate and reasonable expectation of privacy with regards to their personal and medical information that was improperly accessed.

57.     The confidential nature of Plaintiffs' information and the high expectation of privacy associated therewith is reflected in numerous statutes, regulations, and judicial decisions of the State of West Virginia.

58.     Defendant failed to protect Plaintiffs' most personal and private information when it was disclosed to unauthorized users and others.

59.     Through its actions detailed above and throughout this Complaint, Defendant has invaded Plaintiffs' privacy by unreasonably intruding upon their personal seclusion, with such intrusion being highly offensive to any reasonable person.

60.     Upon information and belief, Plaintiffs' protected health information was unreasonably and publicly disclosed, placing Plaintiffs in a false light.

61.     As a direct and proximate result of the Defendant's intrusion upon their personal seclusion, Plaintiffs have suffered an invasion of privacy and associated damages, some of which are more specifically articulated within this Complaint.

# COUNT III

## BREACH OF FIDUCIARY DUTY
### (INDIVIDUAL AND CLASS CLAIM)

62.     Plaintiffs reallege and incorporate herein all the allegations contained in the previous paragraphs.  Plaintiffs assert this cause of action on behalf of the Class against Defendant.

63.     Defendant LabCorp's Notice of Privacy Practices states that "LabCorp is committed to the protection of your PHI[*] and will make reasonable efforts to ensure the confidentiality of your PHI, as required by statute and regulation.  We take this commitment seriously."   https://www.labcorp.com/hipaa-privacy/hipaa-information

64.     Defendant's notice constitutes an acceptance of its fiduciary duty to its patients.

65.     Defendant breached its duty to Plaintiffs and the Class by allowing health information that identifies Plaintiffs and the class they seek to represent, as well as their personal, private, and financial information, to be compromised by an unauthorized third party.

66.     Plaintiffs and the Class have suffered damages, including, without limitation, loss of privacy, confidentiality, embarrassment, humiliation, and loss of

---

[*] "PHI" is shorthand for "protected health information," defined in Defendant's Notice as "health information that identifies you."  The Notice emphasizes that "LabCorp is required by law to maintain the privacy" of PHI.

enjoyment of life. Further, by having their personal information exposed, Plaintiffs and the Class have suffered serious risk of identity theft and fraud which may be perpetuated upon them due to Defendant's breach of fiduciary duty.

## COUNT IV

### NEGLIGENCE
### (INDIVIDUAL AND CLASS CLAIM)

67.     Plaintiffs reallege and incorporate herein all the allegations contained in the previous paragraphs.  Plaintiffs assert this cause of action on behalf of the Class against Defendant.

68.     Defendant owed Plaintiffs a duty of reasonable care in protecting the confidentiality of the personal and private information that Plaintiffs provided to Defendant as patients of LabCorp's healthcare facility.

69.     The minimum standard of reasonable care imposed on Defendant is established and defined by multiple statutes, regulations and judicial decisions of the State of West Virginia.

70.     In addition, Defendant has numerous obligations under HIPAA, including but not limited to the following:

> a. Under 45 C.F.R. § 164.306(a)(1), Defendant is obligated to protect and ensure the confidentiality and integrity of electronic protected health information (PHI) it created, received, maintained, and/or transmitted;
>
> b. Under 45 C.F.R. § 164.312(a)(1), Defendant must implement technical policies and procedures for electronic systems that

maintain electronic PHI to allow access only to those persons or software programs that have been granted access rights;

c. Under 45 C.F.R. § 164.308(a)(1)(i), Defendant must implement policies and procedures to prevent, detect, contain, and correct security violations;

d. Under 45 C.F.R. § 164.308(a)(1)(ii)(D), Defendant must implement procedures to review records of information system activity regularly, such as audit logs, access reports, and security incident tracking reports;

e. Under 45 C.F.R. § 164.306(a)(2), Defendant must protect against reasonably anticipated threats or hazards to the security or integrity of electronic PHI;

f. Under 45 C.F.R. § 164.306(a)(3), Defendant must protect against reasonably anticipated uses or disclosures of electronic PHI that are not permitted under the privacy rules regarding individually identifiable health information;

g. Under 45 C.F.R. § 164.306(a)(4), Defendant must ensure compliance with HIPAA security standard rules by itsworkforces; and

h. Under 45 C.F.R. § 164.530(b), Defendant must train all members of its workforces effectively on the policies and procedures regarding PHI as necessary and appropriate for those workforces to carry out their functions and to maintain security of PHI.

71.     By permitting the unauthorized disclosure of Plaintiffs' confidential and private information within its possession, Defendant was negligent in that it breached the duty of reasonable care that it owed to Plaintiffs as its patients.

72.     Defendant was also negligent in the following respects, among others:

- Failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiffs' and Class Members' sensitive information;

- Failing to adequately monitor the security of its networks and systems;

- Failing to periodically ensure that its vendors had plans in place to maintain reasonable data security safeguards;

- Allowing unauthorized access to Plaintiffs' and Class Members' sensitive information;

- Failing to timely detect the compromise of Plaintiffs' and Class Members' sensitive information; and

Failing to timely notify Plaintiff and Class Members of the data breach.

73.     As a direct and proximate result of Defendant's negligence, Plaintiffs have suffered damages, some of which are more specifically articulated within this Complaint.

## COUNT V

### NEGLIGENT SUPERVISION
### (INDIVIDUAL AND CLASS CLAIM)

74.     Plaintiffs reallege and incorporate herein all the allegations contained in the previous paragraphs.  Plaintiffs assert this cause of action on behalf of the Class against Defendant.

75.     Defendant owed a duty to its patients, including Plaintiffs, to exercise reasonable care in implementing and enforcing policies and procedures to protect personal information.

76.     Defendant was responsible for allocating funds in a manner that ensured compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations applicable to protect from the disclosure of patients personal and private information.

77.     Defendant breached its duty by failing to properly manage, operate, and/or control its operations and affiliated collection entities in a manner that a reasonably prudent health care provider, or financial institution, would have provided under similar circumstances, and by failing to properly allocate resources, provide appropriate policies and procedures, and take appropriate corrective action when operational problems were brought to its attention, intentionally concealing the severity and existence of these failures from State and Federal Government.

78.     Defendant failed to properly anticipate the budgetary needs and properly allocate the funds budgeted for compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations applicable to protect Plaintiffs from disclosure of their personal and private information.

79.     Defendant was responsible for reporting instances of noncompliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations applicable to protect Plaintiffs from disclosure of their personal and medical information.  Upon information and belief, Defendant's failure to properly and timely comply with its reporting responsibilities resulted in additional injuries to Plaintiffs and the Class.

80.     Defendant failed to ensure that its staff, employees, and other individuals having access to customers' protected health information received adequate training, experience, and supervision.

81.    Defendant did not exercise reasonable care in training, hiring, and/or supervising employees and others having access to Plaintiffs' protected health and private payment information.

82.    A reasonably careful healthcare provider, operating under similar circumstances, would foresee that the failure to provide the appropriate oversight, management, direction, and/or control would result in poorly operated medical services, including the protection of personal and medical information from disclosure.

83.    The breach of duty and negligence by Defendant directly and proximately caused damage to the Plaintiffs and the Class.

## COUNT VI

### *WANTON MISCONDUCT*
### *(INDIVIDUAL AND CLASS CLAIM)*

84.    Plaintiffs reallege and incorporate herein all the allegations contained in the previous paragraphs.  Plaintiffs assert this cause of action on behalf of the Class against Defendant.

85.    Defendant knew, was substantially aware, should have known, or acted in reckless disregard that Plaintiffs would be harmed if Defendant did not safeguard and protect Plaintiffs' protected health and private information.

86.    Defendant requested and came into possession of Plaintiffs' protected health and private payment information and had a duty to exercise reasonable care

in safeguarding and protecting such information from being accessed. Defendant's duty arose from the industry standards discussed above and its relationship with Plaintiffs.

87.     Defendant had a duty to have procedures in place to detect and prevent the improper access and misuse of Plaintiffs' protected health information.  The breach of security, unauthorized access, and resulting injury to Plaintiffs were reasonably foreseeable, particularly in light of Defendant's inadequate data security system and failure to adequately supervise its employees.

88.     Defendant, through its actions and/or omissions, unlawfully breached its duty to Plaintiffs by failing to implement industry protocols and exercise reasonable care in protecting and safeguarding Plaintiffs' protected health information within Defendant's control.

89.     Defendant, through its actions and/or omissions, breached its duty to Plaintiffs by failing to have procedures in place to detect and prevent access to Plaintiffs' protected health information by unauthorized persons.

90.     But for Defendant's breach of its duties, Plaintiffs' medical and personal information would not have been compromised.

91.     The longevity, scope, and severity of Defendant's failures and actions constitute wantonness and gross negligence, evidencing willful, wanton or reckless disregard for the protection of Plaintiffs' protected health and private payment

information.   Specifically, such conduct was undertaken by Defendant without regard for the consequences of unauthorized access and disclosure of protected health information of Plaintiffs and others which evidences an absence of any regard for its duties owed to its patients.

92.     As a result, Plaintiffs have been harmed and/or injured including but not limited to a substantial increased risk of identity theft, if not actual identity theft. Consequently, Plaintiffs will have to spend significant time and money to protect themselves from nuisance, distress, and economic harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray to this Court for the following relief:

A.     Certification of the Class and appointment of Plaintiffs as Class Representatives and Plaintiffs' Counsel as Class Counsel;

B.     Past, present, and future compensatory damages;

C.     Punitive damages;

D.     Attorneys' fees, expert fees, and other costs;

E.     Statutory penalties;

F.     All other damages provided by law; and

G.     Any other relief that this Court deems equitable and just.

## JURY TRIAL DEMAND

PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Dated:  August 12, 2019
Respectfully submitted,


                                    **AMANDA HAYHURST**
                                    **DONNETTA HUFFMAN**

                                    BY COUNSEL

HAMILTON, BURGESS, YOUNG
        & POLLARD, PLLC


BY:   /s/ Steven R. Broadwater, Jr.
        Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
        sbroadwater@hamiltonburgess.com
        Ruperto Y. Dumapit *(W. Va. Bar #12659)*
        rdumapit@hamiltonburgess.com
        *Counsel for Plaintiffs*
        P. O. Box 959
        Fayetteville, WV 25840
        304-574-2727